United States District Court
Southern District of Texas
**ENTERED**
December 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID PORTILLO CRUZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-15-3389 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

David Portillo Cruz filed this case under the Social Security Act, 42 U.S.C. § 405(g) for review of the Commissioner's final decision denying his request for social security disability benefits. Cruz and the Commissioner moved for summary judgment (Dkts. 9, 10). The court recommends that Cruz's motion be granted, and the Commissioner's motion be denied.

### Background

Cruz filed his application for disability benefits on December 12, 2012, alleging disability as of January 1, 2010. His claims were denied at the initial and reconsideration levels. A hearing was held on January 9, 2014, and on April 7, 2014 the ALJ issued an unfavorable decision concluding Cruz is not disabled. The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner.

## Legal Standards

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

## The ALJ's Decision

The ALJ followed the usual 5-step sequential analysis in reaching his decision. *See* 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. The ALJ found that Cruz has the severe impairments of right shoulder pain, schizophrenia, and anxiety his impairment does not meet or equal a listing in Appendix 1. The ALJ further found that Cruz has the residual functional capacity to perform light work with the limitations: "[H]e would never be able to

climb ropes, ladders, or scaffolds or perform work involving unprotected heights or dangerous machinery. He will be able to occasionally stoop, kneel, crouch, crawl, and reach overhead with the right dominant upper extremity. He will be unable to drive. He will be limited to performing work involving simple one-two-three step" routine tasks without frequent changes in duties. He will be unable to have any contact with the public." (Tr. 19). Based on this RFC and the testimony of a vocational expert, the ALJ found that Cruz could not perform his past relevant work as delivery truck driver and automotive mechanic, but can perform other jobs that exist in significant numbers in the national economy, and thus is not disabled.

## Analysis

Cruz challenges the ALJ's decision on three grounds: (1) failure to give proper weight to the opinion of a treating physician, Dr. Memon; (2) failure to properly evaluate Cruz's credibility; and (3) reliance on flawed vocational expert testimony based on a hypothetical question that did not reasonably incorporate all of Cruz's mental limitations. Because the third ground is dispositive on the merits, there is no need to consider the first two.

***Defective hypothetical.*** Because the ALJ agreed that Cruz's impairments rendered him incapable of performing his past work, this case must be decided at Step 5 of the sequential disability analysis – whether Cruz is able to perform other jobs in the national economy, considering his age, education, work experience, and residual functional capacity. *Villa v. Sullivan,* 895 F.2d 1019, 1022 (5th Cir. 1990). The burden of proof shifts to the Commissioner at this step. *Anderson v. Sullivan,* 887 F.2d 630, 632-33 (5th Cir. 1989).

Where, as here, the record indicates non-exertional limitations that do not coincide with the agency's medical-vocational guidelines (the "Grid"), the Commissioner typically relies on the testimony of a vocational expert to establish whether the claimant can do other work. *Bowling v. Shalala,* 36 F.3d 431, 435 (5th Cir. 1994). Vocational expert opinion testimony is usually presented in response to a hypothetical asking whether an individual with the specific characteristics, capacity, and limitations of the claimant could perform jobs available in the national economy. Thus, a challenge to the assumptions stated in the hypothetical is in effect a challenge to the sufficiency of the evidence supporting the non-disability finding. *Boyd v. Apfel,* 239 F.3d 698, 706 (5th Cir. 2001). An ALJ's hypothetical question to a vocational expert must reasonably incorporate all the limitations recognized by the ALJ, and the claimant or his representative must be afforded the opportunity to correct any deficiencies in the question. *Id.* at 707; *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994). Failure to meet this standard is reversible error. *Id.*

Cruz argues that the hypothetical question posed to the vocational expert did not include all his specific limitations found by the ALJ, in particular moderate difficulties with concentration, persistence, and pace, as well as a moderate restriction in social functioning (Tr.18).[1] Instead, the ALJ directed the vocational expert to consider an individual "able to

---

[1] The ALJ asked the vocational expert: "Assume for me a person who could lift or carry about 10 pounds frequently, or 20 pounds occasionally. Stand and walk about six hours in an eight hour day with normal breaks, or sit for six. The following are never, ropes, ladders or scaffolding, unprotected heights or dangerous machinery. The following are occasionally, stooping, kneeling, crouching, crawling. Reaching overhead with right upper extremity is limited to occasionally, his right dominant. No driving. Mentally would be able to understand, remember and carry out only simple instructions, just one to three step tasks that
(continued...)

understand, remember and carry out simple instructions, just one to three step tasks that are routine and repetitive without frequent changes in duties. . . [and] no contact with the public." (Tr. 46-47). Nothing in the hypothetical mentioned any limitation in Cruz's ability to concentrate over a period of time, his ability to persist at a task, or his ability to maintain a particular pace over the course of a workday or workweek. Nor was there any limitation on Cruz's ability to get along with co-workers or supervisors, as a moderate restriction on social functioning would imply.

The Fifth Circuit has apparently not yet considered a case involving a hypothetical question with precisely these defects — i.e. failing to account for claimant's moderate difficulties with regard to concentration, persistence, and pace— but other circuits have done so, and found reversible error. See *Varga v. Colvin,* 794 F.3d 809, 814 (7th Cir. 2015) ("We have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.") (internal quotes omitted); *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015)( "[A]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work'. . . [T]he

---

[1]   (...continued)
are routine and repetitive without frequent changes in duties. No contact with the public. Could such an individual do any of the past work you described?" Answer: "No, your honor." "Then if they're 38 years old with a GED, the past work history, if you use the same limits I just gave you, would there be any other work in the region or national economy?" Answer: Yes, your honor .. .." Tr. 46-47.

ability to perform simple tasks differs from the ability to stay on task."); *Ramirez v. Barnhart,* 372 F.3d 546, 554 (3d Cir. 2004) ( hypothetical limiting claimant to simple tasks "does not take into account deficiencies in pace," and so Commissioner's decision not based on substantial evidence); *Newton v. Chater,* 92 F.3d 688, 695 (8th Cir. 1996) (rejecting contention that ALJ accounted for moderate limitations of concentration, persistence, and pace merely by restricting the inquiry to simple. routine tasks).

Instead of addressing this compelling precedent, the Commissioner's brief resorts to a straw man — the ALJ's assessment of Cruz's mental limitations in concentration, persistence, and pace were presented at steps 2 and 3 of his analysis, rather than step 5. The ALJ's decision does contain the following caveat:

> The limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment, but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis.

Tr. 18. This passage merely signifies that, in the case of mental impairments, the residual functional capacity analysis is more refined than the severity analysis; even so, the RFC assessment "reflects" the severity analysis, and so must be consistent with it. Nothing in this passage suggests that the severity analysis is irrelevant to the RFC determination, as the Commissioner's brief implies.

In fact, the RFC portion of the ALJ decision (Tr. 19-25) reinforces the ALJ's earlier finding of difficulties with regard to concentration, persistence or pace. (Tr. 18). For example, the ALJ relied upon the opinions of two state agency medical consultants, Dr. Richard Alexander and Dr. Robert White, each of whom reportedly found that Cruz had "marked" difficulty maintaining concentration, persistence, and pace, as well as "moderate" difficulty maintaining social functioning. (Tr. 22). In both instances the ALJ found these opinions "supported by the underlying medical evidence and ... entitled to great weight." *Id.* Moreover, both of these assessments were identical to those reached by Cruz's treating physician, Dr. Memon (whose overall opinion was given little weight by the ALJ). (Tr. 24). If anything, the medical evidence cited in the RFC section suggests that Cruz's mental limitations are *more* than "moderate," not less.

Considering the mental limitations described throughout the ALJ's opinion, the hypothetical question undoubtedly failed to capture those limitations adequately. As a result, the Commissioner failed to carry its burden at step 5, and its denial of disability is not supported by substantial evidence.

***Remedy.*** In many defective hypothetical cases, remand is often necessary to receive testimony whether other work would be available to the claimant assuming a correct understanding of his limitations. *See Boyd v. Apfel,* 239 F.3d 698, 708 (5th Cir. 2001). Here, however, the vocational expert has already testified on cross-examination that an individual with Cruz's limitations on concentration, persistence, and pace would not be able to maintain

the listed jobs.[2] On this record, the appropriate remedy is to return the case to the Commissioner with a direction to award benefits.[3]

## Conclusion and Recommendation

For the reasons discussed above, the court recommends that Cruz's motion (Dkt. 9) be granted and the Commissioner's motion (Dkt. 10) be denied. It is further recommended that the Commissioner's decision denying benefits be vacated, and the case remanded to the Commissioner for award of benefits.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. FED. R. CIV. P. 72.

Signed at Houston, Texas on December 28, 2016.

Stephen Wm. Smith
United States Magistrate Judge

---

[2] "Q. Ms Swisher, this hypothetical individual is occasionally off task meaning up to one-third of the day. Would he or she maintain those jobs?
A. No.
. . .
Q. Okay. And also if the hypothetical individual were to miss three days a month, would he or she maintain those jobs?
A. No."
Tr. 48.

[3] In light of this recommendation, there is no need to consider the other assigned errors of failing to properly weigh the treating physician's opinion and the claimant's credibility.